IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Juan Rodriguez, | C/A No. 0:11-1297-RBH-PJG |
| Petitioner, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Anthony Padula, *Warden Lee Correctional Institution*, | |
| Respondent. | |

Juan Rodriguez ("Rodriguez"), a state prisoner who was initially self-represented but currently is represented by counsel, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 7.) Jeremy Thompson, Esquire, on behalf of Rodriguez, filed a response in opposition to the respondent's motion. (ECF No. 13.) The respondent filed a reply. (ECF No. 14.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted.

**BACKGROUND**

Rodriguez was indicted in February 2002 in Spartanburg County for trafficking in cocaine, possession of a firearm or knife during commission of or attempt to commit a violent crime, and pointing or presenting a firearm (02-GS-42-714). (App. at 458-61, ECF No. 8-1 at 74-9.) Rodriguez was represented by Richard H. Warder, Esquire, and on December 9 through 11, 2003 was tried in his absence by a jury and found guilty as charged. (App. at 446-47, ECF No. 8-1 at 62-3.) Rodriguez was sentenced on April 2, 2004 by the circuit court to twenty-five years' imprisonment

for trafficking in cocaine, five years' imprisonment for possession of a firearm during the commission of a violent crime, and five years' imprisonment for pointing or presenting a firearm, all sentences to be served concurrently. (App. at 450-51, ECF No. 8-1 at 67-8.) Rodriguez did not file a direct appeal.

On December 22, 2004, Rodriguez filed a *pro se* application for post-conviction relief ("PCR") in which he raised the following issues:

(a)     Ineffective Assistance [of] Trial Counsel

(b)     Violation of Equal Protection Prohibitions at Trial Proceeding

(Rodriguez v. State of South Carolina, 04-CP-42-4286; App. at 462-68, ECF No. 8-1 at 80-6.) The State filed a return. (App. at 469-73, ECF No. 8-1 at 87-91.) On September 19, 2007, the PCR court held an evidentiary hearing at which Rodriguez appeared and testified and was represented by Thomas A. Killoren, Jr., Esquire. (App. at 474-500, 501-12, ECF No. 8-1 at 92-118, ECF No. 8-4 at 3-14.) During the hearing, Rodriguez argued that (1) Rodriguez's trial counsel was ineffective in failing to provide Rodriguez with notice of the trial date and failing to advise him that he would be tried in his absence, (2) Rodriguez's trial counsel was ineffective in failing to sufficiently review discovery so as to understand the evidence to be presented, and (3) Rodriguez's trial counsel was ineffective in advising Rodriguez that he did not have a direct appeal and therefore Rodriguez was entitled to a belated appeal. (App. at 508-10, ECF No. 8-4 at 10-12.) At the conclusion of the hearing, the PCR judge orally denied Rodriguez's request for vacating his sentence and a new trial but took under advisement the issue of whether Rodriguez was entitled to a belated direct appeal. (App. at 510, ECF No. 8-4 at 12.) By order filed April 7, 2009, the PCR judge denied and dismissed with prejudice Rodriguez's PCR application. (App. at 513-18, ECF No. 8-4 at 15-20.) The court specifically considered whether Rodriguez's trial counsel was ineffective for failing to advise

Rodriguez of his right to appeal and denied and dismissed this allegation.  (App. at 517, ECF No. 8-4 at 19.)

In his PCR appeal, Rodriguez was represented by Kathrine H. Hudgins, Esquire, Appellate Defender of the South Carolina Commission of Indigent Defense, Division of Appellate Defense, who filed a petition for a writ of certiorari on December 9, 2009 that presented the following issue:

> Did the PCR judge err in refusing to find that Rodriguez is entitled to a belated direct appeal pursuant to White v. State, 263 S.C. 110, 208 S.E.2d 35 (1974)?

(ECF No. 8-5 at 3.)  The State filed a return.  (ECF No. 8-6.)  In a letter order filed February 16, 2011, the South Carolina Supreme Court denied Rodriguez's petition.  (ECF No. 8-7.)  The remittitur was issued on March 4, 2011.  (ECF No. 8-8.)

## FEDERAL HABEAS ISSUE

In Rodriguez's federal petition for a writ of habeas corpus, he raises the following issue:

> **Ground One:**  The Petitioner's Sixth and Fourteenth Amendment rights were violated by defense counsel's failure to file a direct appeal following the Petitioner's conviction and imposition of sentence.
> > **Supporting Facts:**  The Petitioner was tried in his absence.  Although the jury returned its verdict on December 11, 2003, the Petitioner was not sentenced until April 2, 2004.  The Petitioner then consulted with his attorney about a direct appeal, who told him that the time for appeal had expired.  This advice was incorrect as a matter of law.  Furthermore, the Petitioner contends that any rational defendant would have wanted to appeal his conviction, given the length of the sentence and the multiple issues that could have been raised on direct appeal, such as the denial of the Petitioner's motion for a mistrial and the denial of the Petitioner's motion for a directed verdict on the charges.

(Pet., ECF No. 1 at 6.)

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law."



Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

PJG

**B.     Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Harrington v. Richter, 131 S. Ct. 770, 785 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 131 S. Ct. at 786 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Id. at 785. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 784 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to

§ 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 786. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**C.     Exhaustion Requirements**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks & citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence



v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991).  For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  Coleman, 501 U.S. at 750.

**D.     Respondent's Motion for Summary Judgment**

**1.     Procedural Bar**

The respondent first argues that Rodriguez's claim is procedurally barred.  In support of this argument, the respondent alleges that the issue that Rodriguez presented to the PCR court was whether trial counsel's advice concerning the timeliness of an appeal was correct, which the PCR court analyzed as whether trial counsel failed to advise Rodriguez of his right to appeal.  In appealing this issue to the state appellate courts, Rodriguez contended that he was entitled to a belated direct appeal, arguing that "trial counsel discussed the appeal but provided erroneous advice that precluded [Rodriguez] from directing counsel to file the notice of intent to appeal."  (ECF No. 8-5 at 6.)  Rodriguez further argued that the issue was "more analogous to a lawyer disregarding instructions from the defendant to file a notice of intent to appeal."  (ECF No. 8-5 at 7.)  Accordingly, the respondent argues that Rodriguez's claim that he was denied ineffective assistance of counsel when counsel failed to file a notice of appeal was not preserved for state appellate court review and is therefore procedurally barred from consideration in this habeas corpus action.

Rodriguez contends that the respondent is "splitting hairs" to craft a procedural default argument.  Specifically, Rodriguez argues that trial counsel's duty to advise a client of his right to appeal is a subpart of the ultimate inquiry, which is whether or not trial counsel should have filed a direct appeal.  Therefore, Rodriguez argues that his allegation that trial counsel was ineffective in

PJG

failing to file an appeal is the same as claiming that trial counsel was ineffective in failing to advise him of his right to appeal.

In Roe v. Flores-Ortega, 528 U.S. 470 (2000), the issue before the Supreme Court was whether trial counsel was ineffective in failing to file a notice of appeal. To resolve this issue, the Court stated that it must "decide the proper framework for evaluating an ineffective assistance of counsel claim, based on counsel's failure to file a notice of appeal without respondent's consent." Id. at 473. The Court first determined that "[i]n those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, we believe the question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal." Id. at 478.

Upon review of the entire record and the parties' filings, the court finds that to the extent that Rodriguez is alleging that trial counsel was ineffective in failing to properly advise or consult with Rodriguez about filing a direct appeal, this issue is properly preserved for federal habeas corpus review. It is clear that the PCR considered this argument in denying Rodriguez's PCR application and that a version of this argument was presented to the state appellate courts. Therefore, the court will address the merits of this claim.

**2.    Merits**

A defendant has a constitutional right to the effective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S.

362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, a petitioner must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Prejudice may be presumed when (1) a defendant is completely denied counsel at a critical stage of his trial, (2) counsel "entirely fails to subject the prosecution's case to a meaningful adversarial testing," or (3) "although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." United States v. Cronic, 466 U.S. 648, 659 (1984).

The United States Supreme Court has recently cautioned federal habeas courts to "guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)." Harrington, 131 S. Ct. 770, 788 (2010). The Court observed that while " '[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Id. (quoting Padilla v. Kentucky, 130 S. Ct. 1473, 1485 (2010)). The Court instructed that the standards created under Strickland and § 2254(d) are both " 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Id. (citations omitted). Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not

whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

Although the Supreme Court has held that a decision containing a reasoned explanation is not required from the state court, in the case at bar this court has the benefit of the PCR court's written opinion, certiorari review of which was denied by the South Carolina Supreme Court. See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991) (indicating that when a state appellate court affirms a lower court decision without reasoning, the court may look through the later, unreasoned, summary disposition and focus on the last reasoned decision of the state court). Having reviewed the PCR court's order pursuant to the § 2254 standard, the court finds for the reasons that follow that the state court did not unreasonably misapply the Strickland test in determining that no Sixth Amendment violation occurred.

In this case, Rodriguez argues that the PCR court should have determined that trial counsel was ineffective in failing to properly advise or consult with Rodriguez about filing a direct appeal pursuant to Roe v. Flores-Ortega, 528 U.S. 470 (2000). In rejecting this claim, the PCR court observed that Roe holds that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480. The Roe Court further stated that, in making this determination, courts should consider the totality of the circumstances. Id.

During the PCR hearing, Rodriguez alleged that trial counsel did not advise him that he had a right to a direct appeal and that upon asking trial counsel if he was eligible for an appeal, trial counsel responded that he was not. (App. at 482, ECF No. 8-1 at 100.) However, the PCR court



found that Rodriguez's testimony was not credible. (App. at 516, ECF No. 8-4 at 18.) On the other hand, when trial counsel was asked whether he discussed the appeal with Rodriguez after Rodriguez was sentenced, trial counsel stated the following:

> I'm, I'm comfortable we discussed it some, and I'm not sure - - it's been a number of years since I've been into that. But his right to appeal may of ran from the time the sentence was given in his absence and he may not have actually had a right to appeal when he was in court and the sentence was read to him because the time might of expired.

(App. at 492, ECF No. 8-1 at 110) (errors in original). Trial counsel also testified that if Rodriguez had told trial counsel that he wished to appeal, trial counsel would have filed a notice of intention to appeal; however, Rodriguez never asked him to file an appeal. (Id.) The PCR court found this testimony to be credible. (App. at 516, ECF No. 8-4 at 18.) Based on this testimony, the PCR court found that counsel was not ineffective for failing to advise Rodriguez of his right to appeal. (App. at 517, ECF No. 8-4 at 19.) The PCR court also found that Rodriguez had not shown that he had demonstrated "an interest in an appeal at the time of sentencing." (Id.)

Upon thorough review of the parties' briefs and the record in this matter, the court finds that Rodriguez cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law as decided by the Supreme Court in rejecting his claim.[1] See Williams, 529 U.S. at 410; 28 U.S.C. § 2254(d). Further, Rodriguez has failed to demonstrate by clear and convincing evidence that the PCR court's factual determinations were incorrect. See 28 U.S.C. § 2254(e)(1).

To the extent that Rodriguez's argument relies on his testimony before the PCR court, as stated above, the PCR court found that this testimony was not credible and Rodriguez has not clearly

---

[1] Although Rodriguez argues that the PCR court unreasonably misapplied the prejudice prong of the Strickland test in evaluating Rodriguez's claim, as discussed below, Rodriguez has failed to demonstrate that the PCR unreasonably misapplied the first prong of the Strickland test. Therefore, the court need not reach this issue.



shown that the PCR court's credibility determinations were without support. See Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008) ("But for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear."). Rodriguez also argues that trial counsel's testimony about the appeal does not satisfy the duty to consult as described by Roe. "For an attorney to 'consult,' that attorney must advise the client about the advantages and disadvantages of an appeal and make reasonable efforts to ascertain the client's wishes." Bostick v. Stevenson, 589 F.3d 160, 166 (4th Cir. 2009) (citing Roe, 528 U.S. at 478). The PCR court found trial counsel's testimony that he felt comfortable that he discussed Rodriguez's right to appeal credible. (App. at 516, 517, ECF No. 8-4 at 18, 19.) Rodriguez argues that "[t]he record is completely devoid of any evidence that a substantive, meaningful discussion about the potential successes of an appeal ever occurred."[2] (Petr.' Br. at 8, ECF No. 13 at 8.) Upon review of the records concerning Rodriguez's PCR application and appeal, the court finds that although Rodriguez suggests that trial counsel's discussion with Rodriguez failed to satisfy consultation as defined in Roe, he has failed to demonstrate that the PCR court's determination to the contrary was an unreasonable misapplication of Roe or the deficiency prong of Strickland, or to demonstrate by clear and convincing evidence that the PCR court's factual determinations were incorrect. See Williams, 529 U.S. at 410; 28 U.S.C. § 2254(d), (e)(1); see also Harrington, 131 S. Ct. at 788 ("The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.").

---

[2] The court observes that this argument was not presented to the state appellate courts. Rather, on appeal, Rodriguez conceded that trial counsel discussed the appeal with him and his argument focused on his allegation that trial counsel provided him erroneous advice during this discussion. For this argument to be successful, Rodriguez would have to demonstrate that the PCR court's determination that Rodriguez's testimony was not credible was without support.



## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (ECF No. 7) be granted.

*Paige J. Gossett*
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 4, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>901 Richland Street
>Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).