IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Juan Rodriguez, | ) | Civil Action No.: 0:11-cv-01297-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Anthony Padula, Warden Lee Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, a state prisoner who was initially self-represented but is now represented by counsel, initiated this suit by filing his [Docket Entry 1] Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus (§ 2254 Petition) on May 27, 2011.

On August 15, 2011, Respondent filed his [Docket Entry 7] Motion for Summary Judgment, along with a return and memorandum, [Docket Entry 8]. Petitioner filed his [Docket Entry 13] Response in Opposition to the summary judgment motion on September 15, 2011, to which Respondent replied, [Docket Entry 14], on September 23, 2011.

This matter is now before the court with the [Docket Entry 15] Report and Recommendation ("R & R") of United States Magistrate Judge Paige J. Gossett[1] filed on November 4, 2011. In her R & R, the Magistrate Judge rejected Respondent's argument regarding a procedural bar, but ultimately recommended that the court should grant Respondent's summary judgment motion on the merits. *See* R & R at 8, 13. Thereafter, on November 21, 2011, both Petitioner and Respondent filed objections to the R & R. *See* Pet'r Obj. [Docket Entry 16]; Resp't Obj. [Docket Entry 17]. On

---

[1] This matter was referred to Magistrate Judge Gossett pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C.

December 5, 2011, Petitioner filed a reply, [Docket Entry 18], to Respondent's Objections.

## Background

In February 2002, Petitioner was indicted in Spartanburg County, South Carolina, for trafficking in cocaine, possession of a firearm or knife during the commission of or attempt to commit violent crime, and pointing and presenting a firearm. *See* Appendix ("App.") at 458-61. Petitioner was represented by Richard Warder and tried in his absence; the jury found him guilty as charged on December 11, 2003. *Id.* at 447-49.  On April 2, 2004, Petitioner was sentenced by the circuit court to twenty-five years' imprisonment for trafficking in cocaine, five years' concurrent imprisonment for possession of a firearm during the commission of a violent crime, and five years' concurrent imprisonment for pointing and presenting a firearm. *Id.* at 449-52.  A direct appeal was not filed.

On December 22, 2004, Petitioner filed a *pro se* application for post-conviction relief ("PCR"), in which he raised the following issues:

(1) Ineffective Assistance of Trial Counsel

(2) Violation of Equal Protection Prohibitions at Trial Proceeding.

*Id.* at 462-68.  On September 19, 2007, the PCR court held an evidentiary hearing at which Petitioner appeared and testified, and was represented by Thomas A. Killoren, Jr., Esquire. *Id.* at 474-511.  At the hearing, Petitioner's attorney, Killoren, argued the following: (1) that Petitioner's trial counsel was ineffective in failing to provide Petitioner with notice of the trial date and failing to advise him that he would be tried in his absence; (2) that Petitioner's trial counsel was ineffective in failing to sufficiently review the evidence and discovery material; and (3) that Petitioner should be entitled to a belated appeal because his trial counsel was ineffective in advising him that he did not have a direct

appeal.² *Id.* at 508-10.  At the conclusion of the PCR hearing, the PCR court orally denied Petitioner's request for a new trial, but took the issue of a belated appeal under advisement. *Id.* at 510.

On April 6, 2009, the PCR court issued an order denying and dismissing, with prejudice, Petitioner's PCR application. *Id.* at 513-18.  As to the belated appeal, the PCR court specifically ruled as follows:

> This Court finds that [trial] counsel was not ineffective for failing to advise [Petitioner] of his right to appeal.  Counsel testified that he felt comfortable that he discussed [Petitioner's] right to appeal. [Petitioner] did not ask him to file an appeal. [Petitioner] has presented no legal grounds that would have been successful on appeal, nor show that he showed an interest in an appeal at the time of sentencing. This Court denies and dismisses this allegation.

*Id.* at 517.

Petitioner, represented by Kathrine H. Hudgins, Esquire, filed a petition for writ of certiorari with the South Carolina Supreme Court on December 9, 2009. *See* Petition for Cert. [Docket Entry 8-5].  The Petition raised the following issue:³

> Did the PCR judge err in refusing to find that [Petitioner] is entitled to a belated direct appeal pursuant to White v. State, 263 S.C. 110, 208 S.E.2d 35 (1974)?

*Id.* at 3.  In the Petition, Petitioner argued that "[w]hen [he] asked counsel about an appeal, counsel should have filed the notice of intent to appeal."⁴ *Id.* at 7.  The South Carolina Supreme Court denied

---

² Both parties in this federal habeas action argue that this claim before the PCR court was a "duty to consult" claim regarding an appeal pursuant to *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). *See* Pet'r Reply at 5; Resp't Obj. at 3-4.

³ The court does note that the Petition for Writ of Certiorari did set forth one other issue that is unrelated to Petitioner's claim in the instant federal habeas action.

⁴ In the instant federal habeas action, while the parties seem to refer to this as a "failure-to-consult" claim, this is specifically contrary to how Petitioner characterized it in his Petition for Writ of Certiorari to the South Carolina Supreme Court.  Instead, it was clearly argued and presented as a "failure-to-follow-instructions" claim under *Flores-Ortega*. *See* Petition for Cert. at 6-7.

3

the Petition for Writ of Certiorari on February 16, 2011. Letter Order [Docket Entry 8-7]. Remittitur was returned on March 4, 2011. Remittitur [Docket Entry 8-8].

## Federal Habeas Grounds for Relief

In the present § 2254 Petition, Petitioner raises the following ground for relief:

**Ground One:**    The Petitioner's Sixth and Fourteenth Amendment rights were violated by defense counsel's failure to file a direct appeal following the Petitioner's conviction and imposition of sentence.

    **Supporting Facts:**    The Petitioner was tried in his absence. Although the jury returned its verdict on December 11, 2003, the Petitioner was not sentenced until April 2, 2004. The Petitioner then consulted with his attorney about a direct appeal, who told him that the time for appeal had expired. This advice was incorrect as a matter of law. Furthermore, the Petitioner contends that any rational defendant would have wanted to appeal his conviction, given the length of the sentence and the multiple issues that could have been raised on direct appeal, such as the denial of the Petitioner's motion for a mistrial and the denial of the Petitioner's motion for a directed verdict on the charges.

§ 2254 Petition at 6. For relief, Petitioner asks the court for a "[b]elated direct appeal." *Id.* at 16.

## Standard of Review of Magistrate Judge's R & R

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's

report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### Habeas Corpus Standard

Petitioner brought this action pursuant to 28 U.S.C. § 2254. Section 2254 states in pertinent part that:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id* § 2254(e)(1).

In *Williams v. Taylor*, 529 U.S. 362 (2000), the Supreme Court explained that § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. *Id.* at 404-05. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in Supreme Court cases, or if it decides a case differently

5

than the Supreme Court has done on a set of materially indistinguishable facts. *Id.* at 405-06. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from Supreme Court decisions but unreasonably applies it to the facts of the particular case. *Id.* at 407-08. In order to grant habeas relief under the "unreasonable application" clause, the court must determine that the state court's decision was not only incorrect, but also was "objectively unreasonable." *Id.* at 409-11.

More recently, the Supreme Court has held that "[a] state court's determination that a claim lacks merits precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, to obtain federal habeas relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87. "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 786.

## Discussion

I.   Law Applicable to Claim of Ineffective Assistance of Counsel for Failure to File Direct Appeal

Claims of ineffective assistance of counsel are reviewed under the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). A petitioner must first show that the performance of counsel was deficient or "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.* In meeting the second prong, a petitioner must show prejudice,

in other words, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The Supreme Court has cautioned that "the *Strickland* standard must be applied with scrupulous care," and that "[e]ven under *de novo* review, the standard for judging counsel's representation is a most deferential one." *Harrington*, 131 S. Ct. at 788. Moreover, on federal habeas review of an ineffective assistance claim, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Id.* at 785. Therefore, "[w]hen § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.* at 788.

In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the United States Supreme Court recognized two scenarios in which a defendant may raise a claim of ineffective assistance of counsel for failure to file a notice of direct appeal. The first scenario (referred to as a "failure-to-follow-instructions" claim) occurs when a defendant specifically requests that his lawyer file a notice of appeal. The Supreme Court held that "[a] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable," and is *per se* deficient. *Id.* at 477. The second scenario (referred to as a "failure-to-consult" claim) arises when a defendant does not specifically request that his lawyer file a notice of appeal. When this occurs, the Supreme Court has instructed that the relevant question becomes whether counsel fulfilled his or her duty to consult with the defendant about an appeal. *Id.* at 478. Consult, as defined by the Supreme Court, means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes [regarding an appeal]." *Id.* If it is

determined that counsel did, in fact, consult with the defendant, then "[c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Id.* On the other hand, if counsel did not consult with the defendant, the inquiry turns to whether such failure to consult, in and of itself, was unreasonable. *Id.* To that end, the Supreme Court held that the Constitution

> impose[s] [a] duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

*Id.* at 480. If a defendant successfully proves that his counsel's performance was unreasonable, to establish the requisite prejudice the "defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484. Ultimately, "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Id.*

II.     Procedural Bar

As an initial matter, Respondent moved for summary judgment on the basis of a procedural bar. *See* Resp't Return [Docket Entry 8] at 8. However, in her R & R, the Magistrate Judge concluded "that to the extent that [Petitioner] [was] alleging that trial counsel was ineffective in failing to properly advise or consult with [Petitioner] about filing a direct appeal, this issue [was] properly preserved for federal habeas corpus review." R & R at 8. Respondent specifically objected to this recommendation, and argued that Petitioner's federal habeas "ground differ[ed] from [his] argument[s] raised in the state courts." Resp't Obj. at 4. In Petitioner's Reply to those objections,

he contends that his "claim is preserved for federal habeas review," as "[t]his case is, and has always been, a claim about defense counsel's failure to consult." Pet'r Reply at 3.  Upon review of the entire record and the parties' filings, the undersigned respectfully disagrees with the Magistrate Judge's recommendation and concludes that Petitioner's claim is procedurally barred from federal habeas review.[5]

A federal habeas petitioner in state custody "must exhaust state court remedies, *see* 28 U.S.C. § 2254(b), and a federal habeas court may not review unexhausted claims that would be treated as procedurally barred by state courts absent cause and prejudice or a fundamental miscarriage of justice." *Longworth v. Ozmint*, 377 F.3d 437, 447-48 (4th Cir. 2004) (citing *Clagett v. Angelone*, 209 F.3d 370, 378 (4th Cir. 2000)).  A claim is defaulted, and thus procedurally barred, "if the claim was not presented to all appropriate state courts and an adequate and independent state procedural rule would now bar review." *Strickland v. Lee*, 471 F. Supp. 2d 557, 567 (W.D.N.C. 2007) (citing *Clagett*, 209 F.3d at 378).  In order to exhaust his or her claims, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." *Longworth*, 377 F.3d at 448 (citations and internal quotations omitted).  Stated another way, the petitioner must present the grounds "face-up and squarely" to the state court. *Id.* (citation and internal quotations omitted).  Otherwise, the state courts are deprived of their "opportunity to correct the constitutional violation in the first instance." *Id.* (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (internal quotation marks an citation omitted)).

In the instant federal habeas action, Petitioner claims that his trial counsel was ineffective

---

[5] Because the undersigned respectfully declines to adopt the Magistrate Judge's recommendation as to procedural default but ultimately adopts her recommendation on the merits of Petitioner's claim, the conclusion section of this Order shall reflect accordingly that the R & R is adopted in part.

for failing to file a direct appeal as required under *Roe v. Flores-Ortega*, 528 U.S. 470. As discussed above, *Flores-Ortega* sets forth two distinct scenarios under which counsel can be found ineffective for failing to file a direct appeal. The two scenarios are as follows: (1) counsel disregards his client's specific instructions to file a direct appeal, and (2) counsel fails to consult with his client regarding a direct appeal when he had a constitutional duty to do so. *See id.* at 477-78. The Fourth Circuit has specifically recognized these "two distinct scenarios," and recently held that each distinct claim must be independently exhausted in the state courts to be properly preserved for federal habeas review. *See Singleton v. Eagleton*, 425 F. App'x 228, 230-31 (4th Cir. 2011) (holding that although failure-to-follow-instructions claim was properly preserved for federal habeas review, the petitioner had "failed to present to the state court the operative facts or legal arguments necessary to exhaust a failure-to-consult claim under *Flores-Ortega*"). Here, upon review, the court concludes that Petitioner did not raise the same claim or "scenario" under *Flores-Ortega* at each level of the state proceedings, and thus his current claim for failure to file a direct appeal is not properly preserved for federal habeas review.

At the PCR hearing, Petitioner testified that his trial counsel did not advise him of his right to appeal and that, upon asking trial counsel if he was eligible for an appeal, counsel told him that he was not. App. at 482. At the conclusion of that hearing, Petitioner's PCR counsel specifically argued the following:

> I think also that the notice of appeal issue under State v. White 263 S.C. 110 that [Petitioner] should be given a direct appeal on this case. There's no evidence in the transcript that the [trial] Court advised him of his rights to a direct appeal, and it's his testimony that he was told he didn't have an appeal.

*Id.* at 510. Thereafter, in its subsequent order, the PCR court began by finding Petitioner's testimony

not credible and his trial counsel's testimony credible, and then ruled as follows:

> This Court finds that [trial] counsel was not ineffective for failing to advise [Petitioner] of his right to appeal. Counsel testified that he felt comfortable that he discussed [Petitioner's] right to appeal. [Petitioner] did not ask him to file an appeal. [Petitioner] has presented no legal grounds that would have been successful on appeal, nor show that he showed an interest in an appeal at the time of sentencing. This Court denies and dismisses this allegation.

*Id.* at 517. This court notes that Petitioner's argument to the PCR court appeared to focus entirely on his trial counsel's alleged, complete failure to advise him that he had a right to appeal. The PCR court, in making its ruling, found that Petitioner never asked for an appeal to be filed, and the PCR court appeared to focus on whether his trial counsel discussed with, and advised him of, his right to a direct appeal. Both Petitioner and Respondent contend in their recent filings that this claim presented to the PCR court was a failure-to-consult claim. *See* Pet'r Reply at 5; Resp't Obj. at 3-4.

However, notwithstanding Petitioner's contention to the contrary in this federal habeas action,[6] Petitioner "squarely" presented to the South Carolina Supreme Court in his Petition for Writ of Certiorari only a failure-to-follow-instructions claim, and not a failure-to-consult claim. Petitioner's Petition for Writ of Certiorari began by noting that "[a] lawyer who disregards specific instructions from [a] defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Petition for Cert. at 6. Then, Petitioner argued that "[w]hen [he] asked counsel about an appeal, counsel should have filed the notice of intent to appeal." *Id.* at 7. Finally, and most notably, Petitioner specifically stated the following in his Petition for Writ of Certiorari: "[T]he present case is more analogous to a lawyer disregarding instructions from the defendant to file a notice of intent to appeal . . . , [therefore,] petitioner should be entitled to a belated appeal without

---

[6] Again, Petitioner asserts that "[t]his case is, and has always been, a claim about defense counsel's failure to consult." Pet'r Reply at 3.

. . . having to show there are non-frivolous grounds for appeal." *Id.* Accordingly, the court concludes that the only claim "face-up and squarely" presented to South Carolina Supreme Court was a failure-to-follow-instructions claim.[7]

Therefore, because Petitioner raised only the failure-to-consult claim before the PCR court, and then subsequently presented only the failure-to-follow-instructions claim to the Supreme Court, the undersigned concludes that Petitioner failed to properly preserve either claim, or "scenario" under *Flores-Ortega*, for purposes of federal habeas review. *See Longworth*, 377 F.3d at 447 (concluding that the petitioner's claims were "procedurally defaulted as a result of [his] failure to raise them in his petition for certiorari to the South Carolina Supreme Court for review of the State PCR Court's decision"). Accordingly, because Petitioner failed to present his claims to all appropriate state courts, his current claim is procedurally barred from federal habeas review.[8]

---

[7] The court notes that Petitioner did, in his Petition for Writ of Certiorari, argue that there were "non-frivolous grounds for appeal," and further that he "reasonably demonstrated that he was interested in appealing." Petition for Cert. at 7. However, while these factors can relate to when a trial counsel's duty to consult is triggered, they also are used to determine whether prejudice resulted from a trial counsel's alleged deficient performance. *See Flores-Ortega*, 528 U.S. at 485. As a matter of fact, the Supreme Court in *Flores-Ortega* recognized this overlap–"We recognize that the prejudice inquiry . . . is not wholly dissimilar from the inquiry used to determine whether counsel performed deficiently in the first place[.]" *Id.* at 485-86. In our case, after reviewing the Petition for Writ of Certiorari as a whole, the court must conclude that these factors were argued solely in an attempt to establish prejudice from Petitioner's trial counsel's alleged failure to follow his instructions regarding a direct appeal, and did not relate to any failure-to-consult claim. First, nowhere in the Petition for Writ of Certiorari does Petitioner even argue that his trial counsel failed to consult with him regarding an appeal. To the contrary, Petitioner actually admitted that his trial counsel "discussed" the appeal with him. Petition for Cert at 6. Second, the discussion of these factors appears in the Petition only after Petitioner argued that he should be entitled to a belated appeal without having to show any non-frivolous grounds for appeal, i.e., prejudice, because his case was "analogous to a lawyer a disregarding instructions from the defendant to file a notice of intent to appeal." *Id.* at 7. Petitioner then continued on to argue that he could show several non-frivolous grounds for appeal, even though he should not be required to make such a showing. *See id.*

[8] The court notes that Petitioner has not set forth any arguments in an attempt to overcome this procedural bar–i.e., "cause and prejudice" or a "miscarriage of justice." However, to any extent that Petitioner may attempt to argue that his "cause" for default was that his PCR counsel, or appellate PCR counsel, was ineffective in failing to present his claims to all appropriate state courts, that argument would be without merit. Any alleged error by PCR counsel is insufficient to serve as cause to excuse default as Petitioner does not have a constitutional right to PCR counsel. *See Coleman v. Thompson*, 501 U.S. 722, 753-55

Regardless, even if the court were to assume, *arguendo*, that Petitioner's claim was properly preserved, the claim should be dismissed on the merits for the reasons set out below and by the Magistrate Judge.

III.    Merits of Ineffective Assistance Claim

In the instant § 2254 Petition, Petitioner asserts that his trial counsel was ineffective for failing to file a direct appeal as required under *Flores-Ortega*, 528 U.S. 470.  The state PCR court addressed Petitioner's failure to file an appeal claim and dismissed it. *See* App. at 517.

The PCR court was presented with a simple factual determination as to whether Petitioner had been advised of his right to appeal.  At the PCR evidentiary hearing, Petitioner testified that his trial counsel did not advise him of the right to appeal and that, upon asking trial counsel if he was eligible for an appeal, counsel told him that he was not. *Id.* at 482.  To the contrary, when asked if he had discussed an appeal with Petitioner, Petitioner's trial counsel testified as follows:

> I'm comfortable we discussed it some, and I'm not sure – it's been a number[] of years since I've been into that.  But his right to appeal may of ran from the time the sentence was given in his absence and he may not have actually had a right to appeal when he was in court and the sentence was read to him because the time might of expired.

*Id.* at 492.  Similarly, Petitioner's trial counsel testified that he would have filed a direct appeal on behalf of Petitioner if Petitioner had instructed that he do so, and would have then researched the timeliness issue "down the road"; but, Petitioner never asked for an appeal to be filed. *Id.*  At the conclusion of the hearing, Petitioner's PCR counsel argued only that Petitioner should be entitled to a belated appeal because Petitioner was not advised of his rights to an appeal and was told he did

---

(1991); *see also Mackall v. Angelone*, 131 F.3d 442, 448 (4th Cir. 1997).  Similarly, Petitioner has not met his burden in establishing actual innocence as a miscarriage of justice. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995).

13

not have an appeal. *Id.* at 510. After hearing all the testimony, the PCR court simply made the important factual determination that Petitioner's testimony was <u>not</u> credible, and that Petitioner's trial counsel's testimony was credible. The PCR court's findings of fact and credibility determinations are entitled to deference by this court. *See Evans v. Smith*, 220 F.3d 306, 312 (4th Cir. 2000) ("We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence."); *see also Williams v. Ozmint*, 352 F.3d 847, 858 (4th Cir. 2003) ("Credibility determinations . . . are factual determinations. As such, they are presumed to be correct . . . ." (internal quotations omitted)). After making these credibility determinations, and after setting forth the relevant case law under *Strickland* and *Flores-Ortega*, the PCR court concluded that Petitioner's trial counsel was not ineffective for failing to advise Petitioner of his appellate rights. *See* App. at 517.

Upon review, the court agrees with the Magistrate Judge that Petitioner has not shown to this court that any of the PCR court's above factual determinations were without support. As discussed above, the court again notes that Petitioner's trial counsel testified at the PCR hearing that he discussed with Petitioner his right to appeal, and further that he would have filed an appeal on Petitioner's behalf if Petitioner had so requested. Again, this testimony was found credible by the PCR court. Similarly, with regard to Petitioner's claim that his trial counsel told him it was too late to file an appeal, the only evidence to that effect was Petitioner's own testimony before the PCR court that was found to be not credible by the PCR judge. Accordingly, the court concludes that Petitioner's § 2254 Petition should be dismissed as he has not demonstrated by clear and convincing evidence that the PCR court's factual determinations were incorrect, nor has he shown that the PCR court unreasonably misapplied clearly established federal law in rejecting his claim.

Moreover, to any extent that Petitioner now attempts to argue that his trial counsel's testimony at the PCR hearing regarding their discussion about a direct appeal is insufficient to satisfy counsel's duty to "consult" as defined by the Supreme Court in *Flores-Ortega*,[9] this court concludes, as did the Magistrate Judge, that this specific argument was never presented to the state courts.[10] Accordingly, for the reasons discussed above, the court finds itself in agreement with the Magistrate Judge that Petitioner "has failed to demonstrate that the PCR court's determination [of his claim] was an unreasonable misapplication of [*Flores-Ortega*] or the deficiency prong of *Strickland*, or to demonstrate by clear and convincing evidence that the PCR court's factual determinations were incorrect."[11] R & R at 12.

---

[9] As set forth above, the Supreme Court defines "consult" as "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes [regarding an appeal]." *Flores-Ortega*, 528 U.S. at 478. Petitioner argues in his Objections that "[t]he record is simply devoid of any testimony from defense counsel that would satisfy the consultation requirements of *Roe v. Flores-Ortega* that defense counsel must advis[e] the defendant about the advantages and disadvantages of an appeal . . . ." Obj. at 2 (internal quotations omitted).

[10] Rather, Petitioner's arguments before the PCR court focused on his trial counsel's alleged, complete failure to advise of him of his right to appeal. As discussed in this Order, Petitioner testified at the PCR hearing that his trial counsel did not advise him of his right to appeal and that, upon asking trial counsel if he was eligible for an appeal, counsel told him that he was not. Petitioner now appears to argue that even if his trial counsel did discuss his appeal rights with him, trial counsel's testimony at the PCR hearing regarding this discussion is insufficient evidence to show that the duty to "consult," as defined in *Flores-Ortega*, was satisfied. Again, it does not appear that this specific argument was ever presented to the PCR court. Moreover, because Petitioner did not present this argument to the PCR court, this court does not see how Petitioner could now use this argument to show that the PCR court's determination of his prior claim was unreasonable. *See, e.g., Singleton*, 425 F. App'x at 231 ("[Petitioner] never asserted before the state court that he was prejudiced from a forgone meritorious appeal. As a result, the parties had no reason to develop evidence about the content of the conversation between [Petitioner] and his counsel, nor did the state PCR court need to make any findings regarding the consultation beyond the undisputed fact that it occurred.").

[11] The court notes that Petitioner also argues, in his Objections, that the PCR court misapplied *Flores-Ortega's* prejudice prong. *See* Obj. at 3-4. However, because the undersigned concluded, as did the Magistrate Judge, that Petitioner has failed to show that the PCR court unreasonably misapplied *Strickland/Flores-Ortega's* first prong, the deficient performance prong, it is unnecessary for the court to reach this issue.

15

**Certificate of Appealability**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claim is debatable or wrong and/or by demonstrating that any dispositive procedural ruling by the district court is debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."

**Conclusion**

The court has thoroughly reviewed the entire record, including the R & R and Objections, and applicable law. The court has conducted a *de novo* review of all of Petitioner's objections and finds no merit in them. For the reasons stated above, the court hereby overrules all of Petitioner's objections and **adopts in part** the R & R of the Magistrate Judge. Accordingly, Respondent's Motion for Summary Judgment is **GRANTED** and the § 2254 Petition is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

    s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
February 3, 2012