IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Juan Rodriguez, | ) | C/A No. 0:11-1297-RBH-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Anthony Padula, *Warden Lee Correctional Institution*, | ) ) ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

  Juan Rodriguez ("Rodriguez"), a state prisoner represented by counsel, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC following remand from the United States Court of Appeals for the Fourth Circuit and referral from the assigned district judge for a Report and Recommendation. The Fourth Circuit remanded this matter to the district court for reconsideration in light of the United States Supreme Court's subsequent holding in <u>Martinez v. Ryan</u>, 132 S. Ct. 1309 (2012). Also pending before the court is Rodriguez's motion to expand the record (ECF No. 36), to which the respondent filed a response in opposition (ECF No. 37), and Rodriguez replied (ECF No. 38). Having carefully considered the parties' submissions and the record in this case, the court concludes that Rodriguez should not be granted a writ of habeas corpus.

## BACKGROUND

  As previous summarized by the court, Rodriguez was indicted in February 2002 in Spartanburg County for trafficking in cocaine, possession of a firearm or knife during commission of or attempt to commit a violent crime, and pointing or presenting a firearm (02-GS-42-714). (App. at 458-61, ECF No. 8-1 at 74-9.) Rodriguez was represented by Richard H. Warder, Esquire, and

Page 1 of 16

*PJG*

on December 9 through 11, 2003 was tried in his absence by a jury and found guilty as charged. (App. at 446-47, ECF No. 8-1 at 62-3.)  Rodriguez was ultimately apprehended and sentenced on April 2, 2004 by the circuit court to twenty-five years' imprisonment for trafficking in cocaine, five years' imprisonment for possession of a firearm during the commission of a violent crime, and five years' imprisonment for pointing or presenting a firearm, all sentences to be served concurrently. (App. at 450-51, ECF No. 8-1 at 67-8.)  Rodriguez did not file a direct appeal.

On December 22, 2004, Rodriguez filed a *pro se* application for post-conviction relief ("PCR") in which he raised the following issues:

   (a)   Ineffective Assistance [of] Trial Counsel[;]

   (b)   Violation of Equal Protection Prohibitions at Trial Proceeding[.]

(<u>Rodriguez v. State of South Carolina</u>, 04-CP-42-4286; App. at 462-68, ECF No. 8-1 at 80-6.)  The State filed a return.  (App. at 469-73, ECF No. 8-1 at 87-91.)  On September 19, 2007, the PCR court held an evidentiary hearing at which Rodriguez appeared and testified and was represented by Thomas A. Killoren, Jr., Esquire.  (App. at 474-500, 501-12, ECF No. 8-1 at 92-118, ECF No. 8-4 at 3-14.)  During the hearing, Rodriguez argued that (1) Rodriguez's trial counsel was ineffective in failing to provide Rodriguez with notice of the trial date and failing to advise him that he would be tried in his absence, (2) Rodriguez's trial counsel was ineffective in failing to sufficiently review discovery so as to understand the evidence to be presented, and (3) Rodriguez's trial counsel was ineffective in advising Rodriguez that he could not file a direct appeal and, therefore, Rodriguez was entitled to a belated appeal.  (App. at 508-10, ECF No. 8-4 at 10-12.)  At the conclusion of the hearing, the PCR judge orally denied Rodriguez's request for vacating his sentence and a new trial but took under advisement the issue of whether Rodriguez was entitled to a belated direct appeal. (App. at 510, ECF No. 8-4 at 12.)  By order filed April 7, 2009, the PCR judge denied and dismissed



with prejudice Rodriguez's PCR application.  (App. at 513-18, ECF No. 8-4 at 15-20.)  The court specifically considered whether Rodriguez's trial counsel was ineffective for failing to advise Rodriguez of his right to appeal and denied and dismissed this allegation.  (App. at 517, ECF No. 8-4 at 19.)

In his PCR appeal, Rodriguez was represented by Kathrine H. Hudgins, Esquire, Appellate Defender of the South Carolina Commission of Indigent Defense, Division of Appellate Defense, who filed a petition for a writ of certiorari on December 9, 2009 that presented the following issue:

> Did the PCR judge err in refusing to find that Rodriguez is entitled to a belated direct appeal pursuant to White v. State, 263 S.C. 110, 208 S.E.2d 35 (1974)?

(ECF No. 8-5 at 3.)  The State filed a return.  (ECF No. 8-6.)  In a letter order filed February 16, 2011, the South Carolina Supreme Court denied Rodriguez's petition.  (ECF No. 8-7.)  The remittitur was issued on March 4, 2011.  (ECF No. 8-8.)

## FEDERAL HABEAS ISSUE

In Rodriguez's federal petition for a writ of habeas corpus, he raised the following issue:

> **Ground One:**  The Petitioner's Sixth and Fourteenth Amendment rights were violated by defense counsel's failure to file a direct appeal following the Petitioner's conviction and imposition of sentence.
> > **Supporting Facts:**  The Petitioner was tried in his absence.  Although the jury returned its verdict on December 11, 2003, the Petitioner was not sentenced until April 2, 2004.  The Petitioner then consulted with his attorney about a direct appeal, who told him that the time for appeal had expired.  This advice was incorrect as a matter of law.  Furthermore, the Petitioner contends that any rational defendant would have wanted to appeal his conviction, given the length of the sentence and the multiple issues that could have been raised on direct appeal, such as the denial of the Petitioner's motion for a mistrial and the denial of the Petitioner's motion for a directed verdict on the charges.

(Pet., ECF No. 1 at 6.)



DISCUSSION

A.   **Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d)(1), (2).  When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Harrington v. Richter, 131 S. Ct. 770, 785 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004).  Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  Harrington, 131 S. Ct. at 786 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).  Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review.  Id. at 785.  Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning.  See id. at 784 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court).  If no explanation accompanies the state court's decision, a federal habeas petitioner



must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 786. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**B.     Exhaustion Requirements**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks & citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be



procedurally defaulted (or barred) under independent and adequate state procedural rules. <u>Lawrence v. Branker</u>, 517 F.3d 700, 714 (4th Cir. 2008); <u>Longworth</u>, 377 F.3d 437; <u>see also</u> <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991).  For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  <u>Coleman</u>, 501 U.S. at 750.

**C.     Procedural Bar**

    **1.     Rodriguez's Position Following Remand**

The United States Court of Appeals for the Fourth Circuit remanded this matter for reconsideration of the court's procedural default rulings in light of the subsequently decided case by the United States Supreme Court, <u>Martinez v. Ryan</u>, 132 S. Ct. 1309 (2012).  In the filings relating to his motion to expand the record, Rodriguez characterizes the habeas issue currently before the court as whether trial counsel was ineffective in failing to engage in sufficient discussions with Rodriguez concerning his right to appeal to satisfy his duty of consultation under <u>Roe v. Flores-Ortega</u>, 528 U.S. 470 (2000).  The parties dispute whether this "claim" is procedurally barred in light of the United States Supreme Court's holding in <u>Martinez</u>.

    As an initial matter, Rodriguez's explanation of the claim he is presenting in this federal habeas action appears to evolve with each stage of this litigation.  Specifically, Rodriguez alleged in his Petition that trial counsel was ineffective in "failing to file" a direct appeal *by providing Rodriguez erroneous advice* concerning his appeal and because any rational defendant would want to appeal based on multiple arguments that Rodriguez contends could have been raised on appeal ("the 'Bad Advice' Argument").  (Pet., ECF No. 1 at 6.)  In response to the respondent's return and motion for summary judgment, Rodriguez's position morphed into the contention that trial counsel's



testimony failed to demonstrate that trial counsel's consultation was sufficiently comprehensive to satisfy all the requirements of Flores-Ortega ("the Incomplete Consultation Argument").[1] (ECF No. 13 at 7-8.) Rodriguez now focuses on the latter argument and asserts that this is an independent claim which PCR counsel failed to develop before the PCR court.

The court observes that if his current argument is indeed an independent claim, then it appears that it is not properly before the court, as it was not included in his original Petition and Rodriguez has neither sought nor received leave to amend his Petition. If, as the respondent argues and the court agrees, this is not an independent claim but rather a different argument in support of his failure to consult claim, then the limited exception provided in Martinez does not aid Rodriguez because PCR counsel raised the failure to consult claim to the PCR court, which rejected it. Moreover, as addressed by the Honorable J. Michelle Childs, United States District Judge, "[s]everal courts have held that the Supreme Court's holding in Martinez does not allow a petitioner to point to PCR counsel's failure to develop the factual record as the 'cause' of the procedural default." (Fielder v. Stevenson, C/A No. 2:12-412, Order, ECF No. 29 at 9) (citing Halvorsen v. Parker, 2012 WL 5866595, at *4 (E.D. Ky. Nov. 19, 2012) ("Petitioner's argument that collateral-review counsel's failure to develop the record []should serve as cause to excuse the lack of diligence is

---

[1] As an example of the shifting sands underpinning Rodriguez's Petition, the court observes that while Rodriguez's counsel-drafted Petition alleged that "[t]he Petitioner *then consulted with his attorney* about a direct appeal" (ECF No. 1 at 6) (emphasis added), in response to the respondent's motion for summary judgment, Rodriguez argued that he

> used the word 'consulted' in his habeas petition to describe the conversation that took place between the Petitioner and defense counsel following the imposition of sentence. Obviously, the Petitioner did not intend the use of this word to mean that defense counsel sufficiently 'consulted' with him regarding the direct appeal to satisfy Roe's requirements because, otherwise, the Petitioner would have no habeas argument.

(ECF No. 13 at 7 n.3.)



entirely inconsistent" with the general rule that lack of diligence is attributable to the prisoner or prisoner's trial counsel); Williams v. Mitchell, 2012 WL 4505181, at *6 (N.D. Ohio Sept. 28, 2012) (finding that Martinez does not provide for "claims of ineffective assistance of post-conviction counsel to establish 'cause' for a 'default' of the *factual development*" of a petitioner's mental capacity in state court) (emphasis added)).

However, even if Rodriguez's current allegation of ineffective assistance of trial counsel were properly before the court as an independent claim, and even if his position could be construed to challenge something other than PCR counsel's alleged failure to develop the record by eliciting more details regarding trial counsel's consultation with Rodriguez, for the reasons that follow the court finds that applying Martinez to this matter, Rodriguez cannot establish cause for his procedural default.

    2.    **Martinez v. Ryan**

Generally, any errors of PCR counsel cannot serve as a basis for cause to excuse a petitioner's procedural default of his claims. See Coleman, 501 U.S. at 752. However, in Martinez the United States Supreme Court established a "limited qualification" to the rule in Coleman. Martinez, 132 S. Ct. at 1319. The Martinez Court held that inadequate assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Id. at 1315. In describing its holding in Martinez, the Supreme Court has recently stated that

> [w]e . . . read Coleman as containing an exception, allowing a federal habeas court to find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-



counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

Trevino v. Thaler, 133 S. Ct. 1911, 1918 (2013) (citing Martinez, 132 S. Ct. at 1318-19, 1320-21); see also Sexton v. Cozner, 679 F.3d 1150, 1159 (9th Cir. 2012) (summarizing the Martinez test to require the following: "a reviewing court must determine whether the petitioner's attorney in the first collateral proceeding was ineffective under Strickland, whether the petitioner's claim of ineffective assistance of trial counsel is substantial, and whether there is prejudice").

Therefore, to excuse the procedural default of his claim that trial counsel was ineffective in failing to consult with Rodriguez, Rodriguez must "show that [PCR] counsel's representation during the post-conviction proceeding was objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter."[2]  Sexton, 679 F.3d at 1157; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective assistance-of-counsel claims"); Strickland v. Washington, 466 U.S. 668, 687 (1984) (stating to demonstrate ineffective assistance of counsel, a petitioner must show that (1) his counsel was deficient in his representation, *i.e.* that counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution and (2) he was prejudiced as a result).

The crux of Rodriguez's position following remand arguing for the application of Martinez appears to challenge PCR counsel's presentation of Rodriguez's failure to consult claim; essentially, he contends that PCR counsel should have presented additional arguments to support it.  Rodriguez's

---

[2] In light of the United States Supreme Court's recent decision in Trevino, the court concludes that the third and fourth elements discussed above are met in South Carolina and observes that the Respondent does not argue otherwise.

Page 9 of 16



argument currently appears to be that PCR counsel was ineffective for failing to argue that trial counsel's testimony at the PCR hearing was insufficient to show that he completely satisfied his duties of consultation described by Flores-Ortega.

### 3.    Order dated February 3, 2012

In his prior Order in this case, the Honorable R. Bryan Harwell, United States District Judge, addressed Rodriguez's failure to consult claim and found the following:

> The PCR court was presented with a simple factual determination as to whether Petitioner had been advised of his right to appeal. At the PCR evidentiary hearing, Petitioner testified that his trial counsel did not advise him of the right to appeal and that, upon asking trial counsel if he was eligible for an appeal, counsel told him that he was not. [App.] at 482. To the contrary, when asked if he had discussed an appeal with Petitioner, Petitioner's trial counsel testified as follows:
>> I'm comfortable we discussed it some, and I'm not sure—it's been a number[] of years since I've been into that. But his right to appeal may [have run] from the time the sentence was given in his absence and he may not have actually had a right to appeal when he was in court and the sentence was read to him because the time might [have] expired.
>
> Id. at 492. Similarly, Petitioner's trial counsel testified that he would have filed a direct appeal on behalf of Petitioner if Petitioner had instructed that he do so, and would have then researched the timeliness issue "down the road"; but, Petitioner never asked for an appeal to be filed. Id. At the conclusion of the hearing, Petitioner's PCR counsel argued only that Petitioner should be entitled to a belated appeal because Petitioner was not advised of his rights to an appeal and was told he did not have an appeal. Id. at 510.

(Order, ECF No. 20 at 13-14.) After observing that the PCR court found that Rodriguez's testimony was not credible and trial counsel's testimony was credible and that the PCR court set forth the relevant case law under Strickland and Flores-Ortega, Judge Harwell concluded that Rodriguez "has not demonstrated by clear and convincing evidence that the PCR court's factual determinations were incorrect, nor has he shown that the PCR court unreasonably misapplied clearly established federal law in rejecting his claim." (Id. at 14.)



Notably, Judge Harwell went on to conclude that "to any extent that Petitioner now attempts to argue that his trial counsel's testimony at the PCR hearing regarding their discussion about a direct appeal is insufficient to satisfy counsel's duty to 'consult' as defined by the Supreme Court in <u>Flores-Ortega</u>, . . . this specific argument was never presented to the state courts." (<u>Id.</u> at 20) (footnotes omitted). Finally, Judge Harwell noted that

> Petitioner's arguments before the PCR court focused on his trial counsel's alleged, complete failure to advise of him of his right to appeal. As discussed in this Order, Petitioner testified at the PCR hearing that his trial counsel did not advise him of his right to appeal and that, upon asking trial counsel if he was eligible for an appeal, counsel told him that he was not. Petitioner now appears to argue that even if his trial counsel did discuss his appeal rights with him, trial counsel's testimony at the PCR hearing regarding this discussion is insufficient evidence to show that the duty to "consult," as defined in <u>Flores-Ortega</u>, was satisfied. Again, it does not appear that this specific argument was ever presented to the PCR court.

(<u>Id.</u> at 20 n.10.)[3]

As a result, Judge Harwell found that, to the extent Rodriguez was presenting an argument that trial counsel was ineffective for failing to completely consult in a manner consistent with <u>Flores-Ortega</u>, it was procedurally barred under <u>Coleman</u>. (<u>Id.</u> at 20.) It thus appears that because <u>Martinez</u> subsequently provided an exception to the <u>Coleman</u> rule, the Fourth Circuit remanded this matter for the district court to determine whether the <u>Martinez</u> exception applies here. (ECF No. 30.) For the following reasons, the court concludes that it does not.

---

[3] Thus, as the district judge previously recognized, Rodriguez's argument regarding his trial counsel's alleged deficiency pertaining to his appeal is a moving target.



4.     Application of Martinez v. Ryan

Applying Martinez to the record and Rodriguez's current argument,[4] the court now concludes Rodriguez cannot demonstrate that PCR counsel was ineffective in failing to argue that trial counsel's testimony at the PCR hearing concerning the discussion of Rodriguez's potential appeal is insufficient to show that trial counsel satisfied his duty to consult under Flores-Ortega.  Stated differently, Rodriguez's position rests on the argument that PCR counsel should have argued that defense counsel failed to completely consult rather than arguing that consultation occurred and the advice was erroneous.  This argument would require PCR counsel to have presented an argument inconsistent with the theory advanced by Rodriguez and himself at the PCR hearing.  Additionally, the focus of Rodriguez's PCR hearing was his alleged lack of notice of his trial (see App. at 474-512, ECF No. 8-1 at 92-118 & ECF No. 8-4 at 3-14), which was the only issue that Rodriguez appeared to present in his application for post-conviction relief (see App. at 462-68, ECF No. 8-1 at 80-86). Under these circumstances, no court could find that PCR counsel was deficient in presenting the failure to consult argument that best fit with his client's version of events.  Much less could the court say that the alleged error was so serious that his performance fell below the objective standard of reasonableness guaranteed by the Sixth Amendment.  See, e.g., Gordon-Bey v. United States, 2013 WL 1431658, at *6 (D. Md. Apr. 8, 2013) ("Contrary to Petitioner's argument, counsel acted reasonably when he declined to pursue Graham as a witness at trial, because she would have contradicted statements Petitioner made following his arrest."); see also Strickland, 466 U.S. at 689 (stating that in examining whether counsel was deficient, "every effort must be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct,

---

[4] Based on his post-remand filings, Rodriguez is no longer pursuing his "Bad Advice" Argument.



and to evaluate the conduct from counsel's perspective at the time"). Under Strickland, "[t]he question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." Harrington v. Richter, 131 S.Ct. 770, 788 (2011). Consequently, PCR counsel's performance cannot be determined to have been objectively unreasonable simply because he did not predict at the time of the PCR hearing—regarding an issue that his client did not even raise in his application—that a different argument based on an alternative theory of events might have won the day. Notably, current counsel did not even pose the Incomplete Consultation Argument until he filed his response to the summary judgment motion in this habeas case; he did not include it in the instant Petition. In light of this, the court finds it disingenuous for him to characterize PCR counsel as incompetent or objectively unreasonable for committing the same oversight, even if it could be considered to be such in light of the circumstances facing PCR counsel at the time. Because Rodriguez cannot demonstrate that PCR counsel was deficient, he cannot establish cause under Martinez excusing the procedural default of this argument.

Finally, the court further observes, as it did in its previous Report and Recommendation in this case, that Rodriguez's Incomplete Consultation Argument is foreclosed by the PCR court's credibility determinations, which he has not shown were stark and clear error. (See Report and Recommendation, ECF No. 15 at 12.)

### 5. Motion to Expand the Record

Pending before the court is Rodriguez's motion to expand the record. (ECF No. 36.) Rodriguez states that he believes that issue can be resolved in his favor based on the record before the court; however, if the court "finds that the record is insufficient to grant relief to the Petitioner, then the Petitioner contends that an expansion of the record is warranted in light of Martinez" to



examine PCR counsel's effectiveness. The limitations on expansion of the record contained in 28 U.S.C. § 2254(e)(2) do not "similarly constrain the court's discretion to expand the record to establish cause and prejudice to excuse a petitioner's procedural defaults." (Fielder v. Stevenson, C/A No. 2:12-412, Order, ECF No. 29 at 5.) Nevertheless, addressing the limited exception to procedural default provided in Martinez, Judge Childs has stated, "While Martinez recognizes the need for a meaningful review of an ineffective-assistance-of-counsel claim that arises at initial review collateral proceedings such as the PCR hearing at issue here, Martinez does not directly provide the authority for a petitioner to expand the record in order to further develop facts that could have been presented in the state court proceeding." (Id. at 6) (citing Foster v. Oregon, 2012 WL 3763543 (D. Or. Aug. 29, 2012); Halvorsen v. Parker, 2012 WL 5866595 (E.D. Ky. Nov. 19, 2012); Williams v. Mitchell, 2012 WL 4505181 (N.D. Ohio Sept. 28, 2012)). Based on the foregoing, the court recommends that the district court decline to hold an evidentiary hearing.

### RECOMMENDATION

For the foregoing reasons, the court finds that the limited argument that Rodriguez contends is before the court is not an independent claim; rather, it is simply a different argument offered in support of a claim that has been previously rejected. If this argument is construed as an independent claim, it was not presented in Rodriguez's Petition and therefore is not properly before the court. Moreover, as Rodriguez's argument appears to rest on the contention that PCR counsel was deficient in failing to develop the factual record regarding Rodriguez's "consultation" with trial counsel, Martinez does not aid Rodriguez. However, even if the argument were an independent claim properly before the court and subject to the Martinez exception, Rodriguez has failed to demonstrate cause pursuant to Martinez to excuse the procedural default of such a claim because he cannot show that PCR counsel's performance was objectively unreasonable. Finally, Rodriguez's argument is

foreclosed by the PCR court's credibility determinations, which are entitled to deference under the AEDPA. Therefore, the court recommends that Rodriguez's petition for habeas corpus be denied. Moreover, the court recommends that Rodriguez's motion to expand the record be denied. (ECF No. 36.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 5, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Robin L. Blume, Clerk
>United States District Court
>901 Richland Street
>Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).