IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Juan Rodriguez, ) | Civil Action No.: 0:11-cv-01297-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Anthony Padula, Warden Lee Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner initiated this suit (through counsel) by filing his [ECF No. 1] Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus (§ 2254 Petition) on May 27, 2011. Respondent filed a Motion for Summary Judgment, along with a return and memorandum, [ECF No. 8]. Petitioner filed a Response in Opposition to the summary judgment motion, to which Respondent replied. This Court granted the motion for summary judgment by order filed on February 3, 2012, adopting in part the Report and Recommendation of United States Magistrate Judge Paige J. Gossett. The petitioner appealed, and the Fourth Circuit Court of Appeals vacated and remanded the procedural default rulings in the order on the basis of *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), a United States Supreme Court case decided after this Court's order. This Court re-committed the case to Magistrate Judge Gossett for further review and issuance of a Report and Recommdation in light of *Martinez*.

This matter is now before the court with the [ECF No. 39] Report and Recommendation ("R & R") of United States Magistrate Judge Paige J. Gossett filed on August 5, 2013. In her R & R, the Magistrate Judge recommended that the petitioner's habeas petition be denied and also that his [36] motion to expand the record be denied. Thereafter, on September 5, 2013, Petitioner filed

objections to the R & R. *See* ECF No. 43.[1]

The background of this case has been set forth in this Court's previous order and in the two Reports by Magistrate Judge Gossett. The Court will only discuss the portions of the procedural history which relate to the issue now before it, whether the "limited qualification" by *Martinez* of the rule in *Coleman v. Thompson*, 501 U.S. 722 (1991) is satisfied so as to constitute cause for the procedural default relating to the completeness of trial counsel's consultation with the defendant regarding an appeal.[2]

On December 22, 2004, Petitioner filed a *pro se* application for post-conviction relief ("PCR"), in which he raised the following issues: (1) Ineffective Assistance of Trial Counsel (2) Violation of Equal Protection Prohibitions at Trial Proceeding. (ECF No. 8-1 at 462-68). The facts allegedly supporting these grounds were "attorney lied as to court appearance & trial start, entitlement to be in court & defend self, and evidence insufficient to standard beyond reasonable doubt." *Id*., p. 464. The petition did not contain a request for a belated appeal. On September 19, 2007, the PCR court held an evidentiary hearing at which Petitioner appeared and testified, and was represented by Thomas A. Killoren, Jr., Esquire. *Id.* at 474-511.   At the hearing, Petitioner's attorney, Killoren, argued that Petitioner's trial counsel was ineffective in failing to provide Petitioner with notice of the trial date and failing to advise him that he would be tried in his absence; that Petitioner's trial counsel was ineffective in failing to sufficiently review the evidence and

---

[1] This Court entered a text order on September 26, 2013 staying this case on the basis that the appeal in *Fielder v. Stevenson*, Fourth Circuit Docket No. 13-6363, may have a bearing on the Court's decision in this case. The Fourth Circuit denied a certificate of appealability in *Fielder* in an unpublished opinion which became final on November 26, 2013.

[2] The Court has already denied on its merits any claim that trial counsel was ineffective in failing to consult at all with the petitioner about an appeal or gave incorrect advice, according deference to the factual findings by the PCR court.

discovery material; and that Petitioner should be entitled to a belated appeal because his trial counsel was ineffective in advising him that he did not have a direct appeal. On direct examination by Mr. Killoren, Petitioner testified regarding issues relating to the trial in his absence. He also testified that he talked with appointed counsel Warder on the day that his sentence was imposed. He testified as follows:

> Q. And did Mr. Warder advise you that you had a right to a direct appeal on the conviction?
> A. No, he did not.
> Q. Did he tell you . . . that you had a right to contact another lawyer with regard to that issue?
> A. No, sir.
> Q. Did the Court, when you were in court getting your sentence read to you, tell you that you had a right to appeal and what . . . you had to do to perfect that appeal?
> A. No, sir.
> Q. . . . [D]id you have any knowledge, at that time when you got your sentence and when your sentence was imposed, that you had a right to appeal and that there was a time limit to . . . file the appeal?
> A. No, sir, but I did ask Mr. Warder if I was eligible for an appeal and he said no, I wasn't.

(ECF No. 8-1, p. 481-482)

> Mr. Warder testified in response to questions from the State as follows:
>
> Q. And once the applicant was taken into custody, and after . . . his sentence was read aloud in court, did you discuss the appeal with him afterwards?
> A. I'm . . . comfortable we discussed it some, and I'm not sure–it's been a number of years since I've been into that. But his right to appeal may of ran from the time the sentence was given in his absence and he may not have actually had a right to appeal when he was in court and the sentence was read to him because the time might of expired.
> Q. If the applicant had told you that day that he wanted . . . to appeal, would you have filed an appeal?
> A. I would of filed a notice of intention to appeal. Then I guess we would of researched that issue down the road.
> Q. But you didn't file an appeal?
> A. No. . . and was never asked to.

(ECF No. 8-1, p. 491-492)

At the conclusion of that hearing, Petitioner's PCR counsel argued:

> I think also that the notice of appeal issue under *State v. White* 263 S.C. 110 that [Petitioner] should be given a direct appeal on this case. There's no evidence in the transcript that the [trial] Court advised him of his rights to a direct appeal, and it's his testimony that he was told he didn't have an appeal.

*Id.* at 510.

On April 6, 2009, the PCR court issued an order denying Petitioner's PCR application. *Id.* at 513-18. As to the belated appeal, the PCR court ruled:

> This Court finds that [trial] counsel was not ineffective for failing to advise [Petitioner] of his right to appeal. Counsel testified that he felt comfortable that he discussed [Petitioner's] right to appeal. [Petitioner] did not ask him to file an appeal. [Petitioner] has presented no legal grounds that would have been successful on appeal, nor show that he showed an interest in an appeal at the time of sentencing. This Court denies and dismisses this allegation.

*Id.* at 517.

This Court found in its previous order that the claim presented to the PCR court was failure to consult, citing ECF No. 18, Petitioner's Reply to Objections at 5 and ECF No. 17, Respondent's objections to previous R&R, pp. 3-4.

Petitioner, represented by Kathrine H. Hudgins, Esquire, filed a petition for writ of certiorari with the South Carolina Supreme Court on December 9, 2009. *See* Petition for Cert. [Docket Entry 8-5]. The Petition raised the following issue relating to the appeal issue:

> Did the PCR judge err in refusing to find that [Petitioner] is entitled to a belated direct appeal pursuant to *White v. State*, 263 S.C. 110, 208 S.E.2d 35 (1974)?

*Id.* at 3. Petitioner argued that "[w]hen [he] asked counsel about an appeal, counsel should have filed the notice of intent to appeal." *Id.* at 7. The petition for writ of certiorari also distinguished the case from *Roe v. Flores-Ortega*, 528 U.S. 470 (2000) "which address(es) trial counsel's failure to inform their client about an appeal. In this case, trial counsel discussed the appeal but provided erroneous

4

advice that precluded petitioner from directing counsel to file the notice of intent to appeal." *Id*. at 5. The petition further asserted that "the present case is more analogous to a lawyer disregarding instructions from the defendant to file a notice of intent to appeal as opposed to a lawyer failing to inform the defendant about an appeal." *Id*., p. 6.  Therefore, counsel argued that Petitioner should be entitled to a belated appeal without having to show there were non-frivolous grounds for appeal.   The South Carolina Supreme Court denied the Petition for Writ of Certiorari on February 16, 2011. [ECF No. 8-7].

This Court found in its previous order that the issue squarely presented to the state Supreme Court in the petition for certiorari was a "failure to follow instructions" claim and not a "failure to consult" claim and that both claims were therefore procedurally defaulted.  However, this Court also held that the 2254 habeas petition should be dismissed on the merits because there was no showing that the PCR court's factual determinations were incorrect or that the PCR court unreasonably misapplied clearly established federal law.   This Court also observed that "to any extent that Petitioner now attempts to argue that his trial counsel's testimony at the PCR hearing regarding their discussion about a direct appeal is insufficient to satisfy counsel's duty to 'consult' as defined by the Supreme Court . . . this court concludes . . . that this specific argument was never presented to the state courts."  (ECF No. 20, p. 15)

**Federal Habeas Grounds for Relief**

In the present § 2254 Petition, Petitioner raises through counsel the following ground for relief:

**Ground One:**     The Petitioner's Sixth and Fourteenth Amendment rights were violated by defense counsel's failure to file a direct appeal following the Petitioner's conviction and imposition of sentence.

**Supporting Facts:**    The Petitioner was tried in his absence.  Although the jury returned its verdict on December 11, 2003, the Petitioner was not sentenced until

> April 2, 2004. The Petitioner then consulted with his attorney about a direct appeal, who told him that the time for appeal had expired. This advice was incorrect as a matter of law. Furthermore, the Petitioner contends that any rational defendant would have wanted to appeal his conviction, given the length of the sentence and the multiple issues that could have been raised on direct appeal, such as the denial of the Petitioner's motion for a mistrial and the denial of the Petitioner's motion for a directed verdict on the charges.

§ 2254 Petition at 6. For relief, Petitioner asks the court for a "[b]elated direct appeal." *Id.* at 16.

## **Standard of Review of Magistrate Judge's R & R**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## **Habeas Corpus Standard**

Petitioner brought this action pursuant to 28 U.S.C. § 2254. Section 2254 states in pertinent part that:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id* § 2254(e)(1).

In *Williams v. Taylor*, 529 U.S. 362 (2000), the Supreme Court explained that § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. *Id.* at 404-05. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in Supreme Court cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Id.* at 405-06. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from Supreme Court decisions but unreasonably applies it to the facts of the particular case. *Id.* at 407-08. In order to grant habeas relief under the "unreasonable application" clause, the court must determine that the state court's decision was not only incorrect, but also was "objectively unreasonable." *Id.* at 409-11.

More recently, the Supreme Court has held that "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (quoting

7

*Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  Thus, to obtain federal habeas relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87.  "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 786.

## Discussion

I.       Applicable Law

Claims of ineffective assistance of counsel are reviewed under the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984).  A petitioner must first show that the performance of counsel was deficient or "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.  "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.*  In meeting the second prong, a petitioner must show prejudice, in other words, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.  The Supreme Court has cautioned that "the *Strickland* standard must be applied with scrupulous care," and that "[e]ven under *de novo* review, the standard for judging counsel's representation is a most deferential one." *Harrington*, 131 S. Ct. at 788.  Moreover, on federal habeas review of an ineffective assistance claim, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Id.* at 785.  Therefore, "[w]hen § 2254(d) applies, the question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.* at 788.

In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the United States Supreme Court recognized two

scenarios in which a defendant may raise a claim of ineffective assistance of counsel for failure to file a notice of direct appeal. The first scenario (referred to as a "failure-to-follow-instructions" claim) occurs when a defendant specifically requests that his lawyer file a notice of appeal. The Supreme Court held that "[a] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable," and is *per se* deficient. *Id.* at 477. The second scenario (referred to as a "failure-to-consult" claim) arises when a defendant does not specifically request that his lawyer file a notice of appeal. When this occurs, the Supreme Court has instructed that the relevant question becomes whether counsel fulfilled his or her duty to consult with the defendant about an appeal. *Id.* at 478. Consult, as defined by the Supreme Court, means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes [regarding an appeal]." *Id.* If it is determined that counsel did, in fact, consult with the defendant, then "[c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Id.* On the other hand, if counsel did not consult with the defendant, the inquiry turns to whether such failure to consult, in and of itself, was unreasonable. *Id.* To that end, the Supreme Court held that the Constitution

> impose[s] [a] duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

*Id.* at 480. If a defendant successfully proves that his counsel's performance was unreasonable, to establish the requisite prejudice the "defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484. Ultimately, "when counsel's constitutionally deficient performance deprives a

defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Id.*

II.     Procedural Bar

A federal habeas petitioner in state custody "must exhaust state court remedies, *see* 28 U.S.C. § 2254(b), and a federal habeas court may not review unexhausted claims that would be treated as procedurally barred by state courts absent cause and prejudice or a fundamental miscarriage of justice." *Longworth v. Ozmint*, 377 F.3d 437, 447-48 (4th Cir. 2004) (citing *Clagett v. Angelone*, 209 F.3d 370, 378 (4th Cir. 2000)). A claim is defaulted, and thus procedurally barred, "if the claim was not presented to all appropriate state courts and an adequate and independent state procedural rule would now bar review." *Strickland v. Lee*, 471 F. Supp. 2d 557, 567 (W.D.N.C. 2007) (citing *Clagett*, 209 F.3d at 378). In order to exhaust his or her claims, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." *Longworth*, 377 F.3d at 448 (citations and internal quotations omitted). Stated another way, the petitioner must present the grounds "face-up and squarely" to the state court. *Id.* (citation and internal quotations omitted). Otherwise, the state courts are deprived of their "opportunity to correct the constitutional violation in the first instance." *Id.* (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (internal quotation marks an citation omitted)).

## **Analysis**

As noted in this Court's previous order, Petitioner's argument to the PCR court focused on trial counsel's alleged complete failure to advise him that he had a right to appeal. This Court noted that the PCR court, in making its ruling, found that Petitioner never asked for an appeal to be filed. This Court further noted that the PCR court also addressed whether trial counsel discussed with, and advised

him of, his right to a direct appeal. This Court held in its previous order that Petitioner "squarely" presented to the South Carolina Supreme Court in his Petition for Writ of Certiorari only a failure-to-follow-instructions claim, and not a failure-to-consult claim. Therefore, because Petitioner raised only the failure-to-consult claim before the PCR court, and then subsequently presented only the failure-to-follow-instructions claim to the Supreme Court, the undersigned concluded that Petitioner failed to properly preserve either claim under *Flores-Ortega*, for purposes of federal habeas review.

This Court then found, assuming *arguendo* that Petitioner's claim was properly preserved, the claim should be dismissed on the merits. The court agreed with the Magistrate Judge that Petitioner had not shown to this court that any of the PCR court's factual determinations were without support. The Court noted that Petitioner's trial counsel testified at the PCR hearing that he discussed with Petitioner his right to appeal, and further that he would have filed an appeal on Petitioner's behalf if Petitioner had so requested. His testimony was found credible by the PCR court. Similarly, with regard to Petitioner's claim that his trial counsel told him it was too late to file an appeal, the only evidence to that effect was Petitioner's own testimony before the PCR court that was found to be not credible by the PCR judge. Accordingly, this Court concluded that Petitioner's § 2254 Petition should be dismissed, as he has not demonstrated by clear and convincing evidence that the PCR court's factual determinations were incorrect; nor has he shown that the PCR court unreasonably misapplied clearly established federal law in rejecting his claim.

This Court further found, however, that to any extent Petitioner argued that his trial counsel's testimony at the PCR hearing regarding their discussion about a direct appeal was insufficient to satisfy

counsel's duty to "consult" as defined by the Supreme Court in *Flores-Ortega*,[3] this court concluded that this specific argument was never presented to the state courts.

The Fourth Circuit remanded this case for a determination of the effect of *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) on the court's procedural default finding in the preceding paragraph.

In *Martinez*, the Supreme Court addressed a question which it had left unresolved in *Coleman v. Thompson*, that is, "whether ineffective assistance in an initial-review collateral proceeding on a claim of ineffective assistance at trial may provide cause for a procedural default in a federal habeas proceeding." The court held that a federal habeas court could find "cause" in relation to excusing a procedural default where "(1) the claim of 'ineffective assistance of trial counsel' was a 'substantial' claim; (2) the 'cause' consisted of there being 'no counsel' or only 'ineffective' counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the 'initial' review proceeding in respect to the 'ineffective-assistance-of-trial-counsel claim'; and (4) state law *requires* that an 'ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding." *Trevino v. Thaler*, 133 S.Ct. 1911. 1918 (2013) (describing *Martinez* holding). The *Martinez* court noted that *Coleman* involved alleged ineffective assistance of appellate PCR counsel and not trial PCR counsel; *Martinez* did not change the *Coleman* holding with regard to procedural default based on failure of appellate PCR counsel to raise an issue. *Martinez*, 132 S.Ct. at 1316. The court further observed that its holding would not put a strain on state resources because "(w)hen faced with the question whether there is cause for an apparent default, a State may answer that the ineffective-assistance-of-trial-counsel claim is insubstantial, i.e., it does not have any merit or that it is wholly

---

[3] The Supreme Court defines "consult" as "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes [regarding an appeal]." *Flores-Ortega*, 528 U.S. at 478.

without factual support, or that the attorney in the initial-review collateral proceeding did not perform below constitutional standards." *Martinez*, 132 S.Ct. at 1319.

In the case at bar, the Magistrate Judge found that, if the argument now being made is an independent claim, then it was not included in the attorney-drawn habeas petition and thus is not properly before the court. The habeas petition states: "The Petitioner then consulted with his attorney about a direct appeal, who told him that the time for appeal had expired." (ECF No. 1, p. 6) The wording of the habeas petition does appear to acknowledge that a consultation occurred and focuses on the allegedly erroneous advice by trial counsel that the time for a direct appeal had expired. The petitioner asserts in his objections to the Report that the scope of the remand of the case by the Fourth Circuit was limited to the effect of *Martinez* on the procedural default holding by this Court and that it is not proper to find that the habeas petition did not cover the adequacy of the consultation. This Court does not read the remand order as narrowly as the petitioner and finds that the habeas petition does not raise as a ground for habeas relief the argument made for the first time in the response to the motion for summary judgment that the consultation was made but was not sufficient. Therefore, if the argument now being made is an independent claim, then it should not be considered by this Court because the habeas petition does not make this argument.

However, and alternatively, if the argument now being made is not an independent claim but rather is a different argument in support of the "failure to consult" claim originally made by PCR counsel, then *Martinez* does not assist the petitioner in supplying cause for the procedural default because a version of the "failure to consult" claim was argued by PCR counsel, and Attorney Killoren (PCR trial counsel) did not perform below constitutional standards. Under *Strickland*, a court must not engage in hindsight and must view the case from counsel's perspective at the time. In addition, as the

13

Magistrate Judge pointed out, *Martinez* does not support a holding that failure by PCR counsel to develop the factual record for a claim may be "cause" for the procedural default. *See Fielder v. Stevenson*, 2013 WL 593657, C/A No. 2:12-cv-412 (Feb. 14, 2013 Opinion and Order, granting Respondent's Motion to Strike Affidavit, certificate of appealability denied, No. 13-6363, 4th Circuit Court of Appeals, September 27, 2013), and cases cited at p. 39 of R&R.

The Magistrate Judge also found in her Report, "PCR counsel's performance cannot be determined to have been objectively unreasonable simply because he did not predict at the time of the PCR hearing-regarding an issue that his client did not even raise in his application-that a different argument based on an alternative theory of events might have won the day." (Second Report and Recommendation, ECF No. 39, p. 13).

> Notably, current counsel did not even pose the Incomplete Consultation Argument until he filed his response to the summary judgment motion in this habeas case; he did not include it in the instant Petition. In light of this, the court finds it disingenuous for him to characterize PCR counsel as incompetent or objectively unreasonable for committing the same oversight, even if it could be considered to be such in light of the circumstances facing PCR counsel at the time.

*Id*.

Petitioner objects to the conclusion by the Magistrate that the theory advanced by the petitioner to this court (failure to adequately consult) is inconsistent with the theory presented to the PCR court through the petitioner's testimony. He contends that the testimony by Petitioner "could have provided a basis for collateral counsel to argue that defense counsel failed to consult with the petitioner within the meaning of *Roe*, without ever addressing the specific testimony that incorrect advice was given about the timeliness of the appeal." (Objections, p. 11, ECF No. 43) The cited testimony by the petitioner is as follows:

Q. Okay. Do you–did you have any knowledge, at that time when you got your

> sentence and when your sentence was imposed, that you had a right to appeal and that there was a time limit to, to file the appeal?
> A. No, sir, but I did ask Mr. Warder if I was eligible for an appeal and he said no, I wasn't.
> (PCR App. P. 482, lines 13-18, ECF No. 8-1, p. 100).

This Court agrees with the Magistrate Judge that an argument that consultation occurred and the advice was erroneous is not consistent with an argument that adequate consultation did not occur. Therefore, representation by PCR counsel was not deficient in presenting only the argument that best fit his client's version of the events.

The Magistrate Judge also found, referencing her previous Report and Recommendation in this case, that the petitioner's "complete consultation" argument is foreclosed by the PCR court's credibility determinations. As indicated hereinabove, the PCR Court found that trial counsel's testimony that he felt comfortable that he discussed the petitioner's right to appeal was credible. This court finds that the petitioner has failed to demonstrate that the PCR court unreasonably applied *Roe* or *Strickland* or that the PCR court's factual determinations were incorrect.[4]

Petitioner objects to this finding and has filed a motion to expand the record requesting the Court to hold an evidentiary hearing or allow trial counsel to be deposed regarding the exact discussions between trial counsel and himself concerning an appeal. In this Court's view, *Martinez* does not indicate that a habeas petitioner has an automatic right to expand the record once procedural default has been asserted and he attempts to excuse the default by claiming ineffective

---

[4] Petitioner cites *Detrich v. Ryan*, __ F.3d __, 2013 WL 4712729 (9th Cir. Sept. 3, 2013), for the proposition that in a *Martinez* case, neither the underlying ineffective assistance of counsel claim nor the question of PCR ineffectiveness has been adjudicated on the merits in a state court proceeding, and that 28 U.S.C. Section 2254(e)(2) does not prevent district courts from holding evidentiary hearings regarding *Martinez* claims. The Court notes that Petitioner's counsel cited this case to the Fourth Circuit in *Fielder v. Stevenson*, 13-6363, but the Fourth Circuit denied a certificate of appealability for the decision by District Judge Childs to strike an affidavit by the petitioner.

15

assistance of PCR counsel. Further, the Supreme Court limited the *Martinez* ruling to claims – not arguments on the claims. The Supreme Court held: "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 132 S.Ct. at 1320. The Court specifically couched the relief in equitable terms, concentrating on the ability to *present* the *claims* at the first opportunity. *See* 132 S.Ct. at 1316 ("And if counsel's errors in an initial-review collateral proceeding do not establish cause to excuse the procedural default in a federal habeas proceeding, no court will review the prisoner's claims. The same is not true when counsel errs in other kinds of postconviction proceedings. While counsel's errors in these proceedings preclude any further review of the prisoner's claim, the claim will have been addressed by one court, whether it be the trial court, the appellate court on direct review, or the trial court in an initial-review collateral proceeding."). *See also Halvorsen v. Parker*, 2012 WL 5866595, * 3 (E.D.Ky. 2012) ("The *Martinez* Court wanted to ensure that prisoners have one opportunity to present an ineffective assistance of trial counsel claim, whether it be on direct appeal, collateral review, or federal habeas review. *See Martinez,* 132 S.Ct. at 1319–20. However, the Court was careful *not* to hold that individuals have a constitutional right to effective assistance of counsel in presenting the claim on collateral review. *See id.*").

Thus, courts interpreting the exception have found that "[d]espite its equitable groundings, *Martinez* does not stand for the proposition that if a habeas petitioner's post-conviction counsel was ineffective, that somehow nullifies the proceedings at issue, excuses any failure to meet AEDPA's requirements, or creates an independent constitutional claim in habeas." *Hill v. Anderson*, 2012 WL

2826973, * 3 (N.D.Ohio 2012). *See also Williams v. Mitchell*, 2012 WL 4505181, *6 (N.D. Ohio 2012) (citing same). United States District Judge Childs similarly held that *Martinez* does not require an expansion of the record. *See Fielder*, 2013 WL at *4. ("While *Martinez* recognizes the need for a meaningful review of an ineffective-assistance-of-counsel claim that arises at initial review collateral proceedings such as the PCR hearing at issue here, *Martinez* does not directly provide authority for a petitioner to expand the record in order to further develop facts that could have been presented in the state court proceedings."). The motion to expand the record is denied.

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claim is debatable or wrong and/or by demonstrating that any dispositive procedural ruling by the district court is debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."

### Conclusion

The court has thoroughly reviewed the entire record, including the R & R and Objections, and applicable law. The court has conducted a *de novo* review of all of Petitioner's objections and finds no merit in them. For the reasons stated above, the court hereby overrules all of Petitioner's objections and adopts the R & R of the Magistrate Judge. Accordingly, the § 2254 Petition is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                     s/R. Bryan Harwell
                                     R. Bryan Harwell
                                     United States District Judge

Florence, South Carolina
May 12, 2014